UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                   :

**VALMIKI D. RAMANI**,
                                   :

                Plaintiff,            :   **MEMORANDUM AND ORDER**

         – against –         :   20-CV-1806 (AMD) (JO)

**AMAZON.COM**,
                                   :

                Defendant.        :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On February 26, 2020, the *pro se* plaintiff filed this action against Amazon.com in the United States District Court for the Southern District of New York. (ECF No. 2.) On April 15, 2020, the action was transferred to the Eastern District of New York. (ECF Nos. 4, 5.) The Court grants the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. For the reasons that follow, I dismiss the complaint for lack of subject matter jurisdiction, but grant the plaintiff leave to file an amended complaint.

## BACKGROUND

The plaintiff claims that he suffered injuries from a gel pack that he purchased through Amazon.com. (ECF No. 2 at 5-6.) According to the complaint, the gel pack leaked, which caused "contact dermat[i]tis then large brown patches on [the plaintiff's] skin" that "steroid cream cannot remove." (*Id.*)

In September of 2019, the plaintiff filed suit in Civil Court of the City of New York, County of Queens, Index No. CV-031556-19, seeking $25,000.00 in damages. (*Id.* at 96, 135.) The action was dismissed for improper service on January 16, 2020. (*Id.* at 32-33.)

The plaintiff has now filed the action in federal court, seeking unspecified damages for "the damage to [his] person." (*Id.* at 6.)  The plaintiff resides in Briarwood, New York, and the defendant is a Washington corporation.  (*Id.* at 3-4.)  The plaintiff alleges that the basis for federal court jurisdiction is diversity of citizenship.  (*Id.* at 2.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The plaintiff is proceeding *pro se*, so I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the

2

action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

## DISCUSSION

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-43 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when the plaintiff and defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. The party asserting jurisdiction bears the burden of proof. *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006).

According to the complaint, the sole basis for subject matter jurisdiction is diversity of the parties. (ECF No. 2 at 2.) The plaintiff alleges that the parties are diverse, but does not allege facts to show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[A] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v.*

*Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)) (internal quotation marks omitted). When he filed the same claim in state court, the plaintiff sought $25,000 in damages. (ECF No. 2 at 135.) He does not specify any amount in his federal suit. He states only that he "seeks monetary relief" for "damage to [his] person." (*Id.* at 6.) The attachments to the complaint reveal that the plaintiff bought the allegedly defective product for $23.99 on August 21, 2019, and then returned it for a refund. (*Id.* at 75, 81, 84.) Because nothing in the complaint suggests that the amount in controversy meets the statutory jurisdictional requirement, I dismiss the complaint.[1]

## CONCLUSION

For the reasons stated above, I dismiss the plaintiff's complaint without prejudice for lack of subject matter jurisdiction. However, in an abundance of caution and in light of the plaintiff's *pro se* status, I grant the plaintiff thirty days from the date of this order to file an amended complaint that alleges facts to support subject matter jurisdiction. If the plaintiff chooses to submit an amended complaint, I will review it for compliance with this order and for sufficiency under Federal Rules of Civil Procedure 8 and 12, and 28 U.S.C. § 1915(e)(2)(B). No summons will issue at this time, and all further proceedings are stayed for thirty days. If the plaintiff does not amend the complaint within thirty days, judgment dismissing this action will enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] I have also considered whether the complaint presents a federal question that can establish subject matter jurisdiction. It does not. The plaintiff is pursuing state law tort claims concerning a defective product.

**SO ORDERED.**

s/Ann M. Donnelly

_____

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      April 28, 2020